IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMAR LAMONT JORDAN,           ) | |
| ) | |
| Petitioner,           ) | Case No. 1:18-cv-00384 (Erie) |
| ) | |
| vs.           ) | |
| ) | RICHARD A. LANZILLO |
| ERIC TICE;           ) | UNITED STATES MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF           ) | |
| PENNSYLVANIA; DISTRICT           ) | |
| ATTORNEY OF ERIE COUNTY,           ) | OPINION AND ORDER ON |
| PENNSYLVANIA,           ) | PETITION FOR WRIT OF HABEAS |
| ) | CORPUS (ECF No. 5) |
| Respondents           ) | |

Before the Court is a petition for a writ of habeas corpus filed by state prisoner Damar Lamont Jordan (Jordan) under 28 U.S.C. § 2254. ECF No. 2. He is challenging the judgment of sentence imposed on him by the Court of Common Pleas of Erie County, Pennsylvania at its criminal docket number CP-25-CR-0003384-2012. Respondents argue that Jordan's petition is barred by the applicable statute of limitations. For the reasons discussed in this opinion, the Court agrees and will dismiss Jordan's petition with prejudice.[1]

I.      Factual and Procedural Background

   A.      The underlying offenses.

The Court takes the following factual and procedural background from the Pennsylvania Superior Court's opinion addressing Jordan's direct appeal from his conviction and sentence:

> On September 30, 2012, in the 600 block of Wallace Street, Jordan shot and killed Kendall Bryant and seriously wounded Ramone Lemon. N.T., 4/25/13, at 7–8. Thereafter, the Commonwealth charged Jordan with murder (18 Pa. C. S. A. § 2501(a)), attempted murder (18 Pa. C. S. A. §§ 901, 2501(a)), two counts of aggravated assault (18 Pa. C. S. A. § 2702(a)(1)), two counts of recklessly endangering another person (18 Pa. C. S. A. § 2705), possessing an

---
[1] The parties have consented to the jurisdiction of a United States Magistrate Judge. *See* 28 U.S.C. §636(c)(1). ECF No. 11; ECF No. 12.

1

> instrument of crime (18 Pa. C. S. A. § 907(a)) and firearms not to be carried without a license (18 Pa. C. S. A. § 6106(a)(1)).
>
> Jordan pled guilty pursuant to an open plea to third-degree murder and aggravated assault. In exchange, the Commonwealth withdrew all other charges. On June 20, 2013, the trial court sentenced Jordan to serve 180 to 360 months of imprisonment for his conviction of third-degree murder and 66 to 132 months of imprisonment for his conviction of aggravated assault. The trial court imposed the term of imprisonment for aggravated assault consecutively to the term of imprisonment for third-degree murder.
>
> On July 2, 2013, the trial court denied Jordan's motion to modify his sentence. Thereafter, Jordan filed a timely notice of appeal followed by a court-ordered Pa.R.A.P.1925(b) statement. The trial court filed its Pa.R.A.P.1925(a) opinion on September 6, 2013.

*Commonwealth v. Jordan*, 2014 WL 10986158, at *1 (Pa. Super. Ct. Feb. 11, 2014).[2] The Superior Court affirmed Jordan's conviction and sentence on February 11, 2014. *Id.* Jordan did not petition for allowance of appeal to the Pennsylvania Supreme Court.

      B.      State Post-Conviction Proceedings.

On May 12, 2014, Jordan petitioned under the Pennsylvania Post Conviction Relief Act, 42 Pa. C. S. A. § 9545, et seq. ECF No 10-2, p. 1.[3] The Court of Common Pleas for Erie County dismissed his petition for post-conviction relief on September 2, 2014. Jordan appealed and the Pennsylvania Superior Court affirmed the Common Pleas Court's dismissal on May 22, 2015. *See*

---

[2] The facts and procedural history were also obtained from Jordan's habeas petition (ECF No. 2) and the Court of Common Pleas criminal docket for his underlying conviction in *Commonwealth v. Jordan*, No. CP-25-CR-0003348 (Erie Cnty. Com. Pl. 2012), available at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-25-CR-0003348-2012&dnh=AyFIxn7rSiTp9ImJwX1RZg%3d%3d (last visited May 11, 2020).

[3] The Court gives Jordan the benefit of the prisoner mailbox rule in calculating dates for purposes of the AEDPA statute of limitations. *See, e.g., Vela v. Superintendent - SCI Forest*, 2020 WL 134166, at *2 (W.D. Pa. Jan. 13, 2020). Under the prisoner mailbox rule, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing...." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Federal courts also use this rule for a petitioner's state post-conviction filings, focusing on the date the prisoner signed them or mailed them. *See Williams v. PA*, 2019 WL 3573552, at *1 (E.D. Pa. Aug. 6, 2019), *certificate of appealability denied sub nom. Williams v. Pennsylvania*, No. 19-3032, 2020 WL 1469669 (3d Cir. Feb. 24, 2020) (citing *Commonwealth v. Little*, 716 A.2d 1287, 1289 (Pa. Super. 1998) ("We ... hold that the prisoner mailbox rule is applicable to petitions filed pursuant to the PCRA[.]")).

*Commonwealth v. Jordan*, 2015 WL 7259326 (Pa. Super. Ct. May 22, 2015). Jordan's petition for allowance of appeal to the Supreme Court of Pennsylvania was denied on August 28, 2015. *Commonwealth v. Jordan*, 128 A.3d 1205 (Pa. 2015).[4]

Jordan filed a second petition for post-conviction relief in the Common Pleas Court on May 20, 2016. ECF No. 10-3, p. 11. There, Jordan alleged that he was entitled to relief under the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), which was published on June 17, 2013—three days before Jordan was sentenced. That petition was denied as untimely on September 26, 2016, after the Superior Court determined Jordan failed to prove an exception to the PCRA's timeliness requirements found at 42 Pa. C. S. §9545(b). *See Jordan*, 2017 WL 2875416, p. 2. Jordan appealed and the Superior Court affirmed on July 6, 2017. Jordan did not seek review in the Pennsylvania Supreme Court.

    C.    Proceedings in Federal Court

Jordan filed the instant petition for a writ of habeas corpus with this Court on December 10, 2018. ECF No. 2. This Court entered an order directing the Office of the District Attorney of Erie County to enter an appearance and to file an answer to Jordan's petition. ECF No. 3.[5] On February 28, 2019, Assistant District Attorney Molly W. Anglin entered an appearance. ECF No. 6. On March 17, 2019, the District Attorney's office filed a Response to Jordan's petition. ECF No. 9. Copies of the relevant state appellate filings were provided that same day. ECF No. 10. A copy of the state court record was filed with our Clerk of Court on April 2, 2019. Jordan did not reply. The petition is, therefore, ready for disposition.

---

[4] A petitioner is not entitled to statutory tolling for the period available to file a petition for writ of certiorari to the United States Supreme Court following state collateral review, even if the petition is actually filed. *Lawrwence v. Florida*, 549 U.S. 327, 333-334 (2007).

[5] Between January 15, 2019, and February 21, 2019, this matter was briefly stayed because of a lapse in appropriations caused by the ongoing federal government shutdown. *See* ECF No. 4.

II.     Petitioner's Claims

Jordan's petition presents two claims. First, he alleges that "[b]eing an amateur litigant, I filed what should have been a § 2254 habeas petition, within the one-year AEDPA time limitation, but in the entirely wrong forum, as a subsequent PCRA petition. Nevertheless, the state court barred my rights to file as being untimely." ECF No. 2, p. 5. As a second claim for relief, Jordan challenges the legality of his sentence under *Alleyne, supra*. ECF No. 2, p. 8. The Respondents acknowledge that Jordan might have benefited from the *Alleyne* decision, but for the untimeliness of his petition. ECF No. 9, p. 5.

III.    The AEDPA Statute of Limitations Bars Jordan's Petition.

    A.      The Habeas Corpus Legal Standard

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." *Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) (quoting Calderon v. Coleman, 525 U.S. 141, 146 (1998)). In enacting the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress "significantly limited the federal court's power to grant a writ of habeas corpus." *Tolbert v. Ferguson*, 2019 WL 4677357 at *2 (E.D. Pa. Aug. 8, 2019). Under § 2254, a district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). Federal courts also must give considerable deference to determinations made by state trial and appellate courts. *See Renico v. Lett*, 599 U.S. 766, 772 (2010). Thus, if a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d). It is the habeas petitioner's burden to show that the state court's decision was contrary to or an unreasonable application of United States Supreme Court precedent or an unreasonable determination of the facts. *Moreno v. Ferguson*, 2019 WL 4192459, at *3 (W.D. Pa. Sept. 4, 2019).

The United States Court of Appeals for the Third Circuit has emphasized the heavy burden habeas petitioners bear: "even 'clear error'" by the state courts "will not suffice." *Orie v. Sec. Pa. Dept. of Corrections*, 940 F.3d 845, 850 (3d Cir. 2019). Rather, the state court must be wrong "beyond any possibility for fair-minded disagreement." *Id.* (citations and some internal quotations omitted). Moreover, the factual determinations of the state courts are presumed correct. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.").

B.  AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if

5

>>that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, a court must determine the "trigger date" for the one-year limitations period under section 2244(d)(1). *See Caldwell v. Mahally, et al.*, 5741706, *5 (W.D. Pa. Nov. 5, 2019). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute under section 2244(d)(2). *Id.* Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented. *Id.*

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). The Court will therefore separate Jordan's two claims in reviewing the timeliness of his petition.

　　1.　　Trigger Date Calculation

As noted above, Jordan's petition raises two claims. His first claim, however, is not cognizable in habeas proceedings. In Ground One, Jordan appear to state—as a basis for habeas relief—that he filed a PCRA petition in error, realizing only later that a petition for habeas corpus was the correct method to raise his claims. ECF No. 2, p. 5. Put another way, Jordan's first ground for relief appears to be an argument to excuse the late filing of his habeas petition. The clear rule of

6

law in the Third Circuit is that errors during the PCRA proceedings—which must by necessity include the filing of such a petition—do not provide a basis for relief in federal habeas proceedings. *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation. Federal habeas power is 'limited ... to a determination of whether there has been an improper detention by virtue of the state court judgment.'"); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("alleged errors in collateral proceedings ... are not a proper basis for habeas relief from the original conviction."). *See also Thompson v. McGinley*, 2020 WL 1984908, at *13 (W.D. Pa. Apr. 27, 2020). Thus, Ground One simply does not afford a basis for granting a writ of habeas corpus and the Court will instead consider his statement as supporting his overall argument that his *Alleyne* claim is timely.[6]

Ground Two does raise a purported *Alleyne* error. The "trigger date" for this claim is the date on which Jordan's judgment of sentence became final. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final after direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court). The Pennsylvania Superior Court affirmed Jordan's conviction and sentence on February 11, 2014. Jordan had thirty days to file a Petition for Allowance of Appeal with the

---

[6] Jordan admits in his petition that he did not raise it on direct appeal or in post-conviction proceedings. *See* ECF No. 2, p. 6. Jordan used a form petition (AO 241) for raising his claims. In answering whether he raised Ground One on direct appeal, Jordan wrote "N A." *Id.* He checked the box for "No" when answering the question whether he raised this ground in a post-conviction motion. *Id.* By way of explanation for his failure to raise this argument in post-conviction proceedings, he states only that his "trial attorney did not mention to me that on June 17, 2013, mandatory minimum sentences(s) was (sic) illegal." *Id.* Even if the Court generously construed this statement as one invoking a claim of ineffective assistance of trial counsel, based on trial counsel giving him incorrect advice about the consequences of his guilty plea, *i.e.*, that counsel was unaware of the *Alleyne* decision, leading to an uninformed guilty plea, such a claim would be barred. This claim would be procedurally defaulted because Jordan failed to raise it state court and can no longer present it, based on an adequate and independent state law ground. *See Bass v. Clark*, 340 F. Supp. 3d 463, 472 (E.D. Pa. 2018) (citing 28 U.S.C. § 2254(b)(1)(A); *Gray v. Netherland*, 518 U.S. 152, 161, 116 S. Ct. 2074 (1996); and Pa. R.A.P. 903; 42 Pa. C. S. § 9545(b)(1)). *See also Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) (To exhaust, "the petitioner must fairly present all federal claims to the highest state court before bringing them in federal court.").

Supreme Court of Pennsylvania but did not do so. *See* Pa. R. App. P. 1113(a). Thus, his judgment of sentence became final on March 11, 2014, and the one-year ADEPA clock began to run the next day. Jordan had until March 12, 2015, to file a timely federal habeas petition. For purposes of the prisoner mailbox rule, Jordan's habeas petition was filed on December 10, 2018, the date he signed it. *See, e.g., Scales v. Atty. Gen. of Penna.*, 2018 WL 3823779, *1 (W.D. Pa. Aug. 10, 2018) (discussing mailbox rule). As a result, his petition was filed more than two and one-half years too late. Because Jordan sought federal habeas relief well outside the one-year limitations period, his petition is statutorily time-barred. Given this deficiency, the Court must determine whether he can benefit from the any tolling provision provided in the habeas statute before dismissing it.

      2.     Statutory Tolling

Although Jordan is entitled to some statutory tolling, his habeas petition is still untimely. 42 U.S.C. § 2244(d)(2) provides that the one-year limitations period is tolled throughout a "properly filed" state post-conviction proceeding. Jordan filed his first PCRA petition on May 12, 2014. ECF No. 10-2, p. 1. By that time 61 days of his one-year limitations period had expired (March 12, 2014 through May 12, 2014). Those proceedings were "properly filed," and, as such, the statute of limitations was tolled until they concluded when the Pennsylvania Supreme Court denied Jordan's Petition for Allowance of Appeal on August 28, 2015. The statute of limitations started to run again the next day, when Jordan had 304 days (365 days - 61 days = 304 days) remaining to file a timely habeas petition, or until June 27, 2016. As noted, he did not file his habeas petition until December 10, 2018, years after the statute of limitations expired.[7] Thus, it is untimely and subject to dismissal unless preserved by equitable tolling principles.

---

[7] Jordan receives no tolling for the time his second PCRA petition was pending in the state courts. Jordan filed a second PCRA petition on May 20, 2016, which was about a month before his habeas petition was due. ECF No 10-3, p. 11. But the one-year limitations period is only tolled during the pendency of a "properly filed" state post-conviction proceedings, under 42 U.S.C. § 2244(d)(2). *See, e.g., Berger v. Gilmore*, 2020 WL 758724, at *3 (W.D. Pa. Feb. 14, 2020). The Superior Court determined that Jordan's second petition was untimely. *Commonwealth v. Jordan*, 2017 WL 2875416,

3.   Equitable Tolling

Next, the Court must consider whether AEDPA's statute of limitations should be equitably tolled, thereby rendering Jordan's petition timely filed. *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003) (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617-618 (3d Cir. 1998) (citation omitted)). The Supreme Court has held that the habeas time bar is not jurisdictional, but subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649-50 (2010). But AEDPA's one-year limitations period may be equitably tolled only in extraordinary situations. *Id.* at 649-50. *See also Severs v. Atty. Gen. of New Jersey*, 2019 WL 5704591, at *2 (3d Cir. Nov. 9, 2019) (citing *Holland*). The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair. *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). To receive the benefit of equitable tolling, however, Jordan must show that he (1) pursued his rights diligently, and (2) that extraordinary circumstances prevented him from filing a timely petition. *Id.* at 649.

Jordan has shown neither and is, therefore, not entitled to equitable tolling. First, he has failed to show that he pursued his rights diligently. *See Lawrence v. Florida*, 549 U.S. 327, 335 (2007). The diligence required of a prisoner in pursuing the timely filing of his habeas petition is "reasonable diligence" not maximum diligence. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Holland*, 560 U.S. at 653). The reasonable diligence test is subjective, undertaken because of the petitioner's circumstances. *Id.* at 800 (citations omitted). Jordan bears a "strong burden to show specific facts" supporting equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v.*

---

*3. When such a petition is found to be untimely under state law, it is not considered "properly filed" and does not toll the statute of limitations for a federal habeas corpus petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Horn v. Fahy*, 534 U.S. 944 (2001) (holding that a PCRA petition dismissed by the state court as time-barred was not "properly filed" and therefore does not toll the statute of limitations for a federal habeas corpus petition).

9

*Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). "[L]ack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003)). Jordan fails to explain the delay of over two months from the conclusion of his direct appeal to the filing of his first PCRA petition. *See, generally*, ECF No. 10-2. He also does not explain the more than a year's delay in filing his habeas petition. Nor does he contend that he "was prevented from managing his affairs or understanding his appeal rights." *United States v. Johnson*, 743 Fed. Appx 153, 159 (3d Cir. 2018) (*cert. denied*, 139 S. Ct. 471 (2018)). Jordan does not specify any facts to support an alleged lack of access to courts or to expound on any steps he took to diligently pursue his federal claims.

Neither has Jordan established that extraordinary circumstances prevented him from filing. So equitable tolling cannot excuse the untimeliness of his petition and allow this Court to consider the merits of Jordan's claim. *See, e.g.*, *McGowan v. Ransom, et al.*, 2019 WL 5580993, at *6 (E.D. Pa. Oct. 4, 2019).

IV.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

10

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying that standard here, jurists of reason would not find it debatable whether Jordan's claims should be dismissed because lack merit or are procedurally defaulted. For these reasons, the Court will not issue a certificate of appealability.

V.   Conclusion

For the reasons set forth above, Jordan's Petition is dismissed, and no certificate of appealability should issue. An appropriate order follows.

## ORDER

AND NOW, this 20th day of May, 2020, for the reasons set forth in the Memorandum filed contemporaneously, IT IS HEREBY ORDERED that Petitioner Damar Lamont Jordan's claims for federal habeas corpus relief are DISMISSED with prejudice and a certificate of appealability is DENIED as to each claim. The Clerk of Court is directed to mark this case CLOSED as of this date.

RICHARD A. LANZILLO<br>
United States Magistrate Judge